IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-1193

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| JOSE GUADALUPE CORTEZ, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a resident agent in charge with Immigration and Customs Enforcement ("ICE") and an officer with the Pender County Sherriff's Office assigned to a task force of the United States Drug Enforcement Administration. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by complaint on 24 March 2014 with knowingly making a false claim that he was a citizen of the United States with the intent to engage unlawfully in employment in the United States on 15 June 2013 in violation of 18 U.S.C. § 1015(e). The

evidence presented at the hearing showed that the charges arise from defendant's completion on the alleged offense date of a Form I-9, Employment Eligibility Verification Form, to obtain work at a construction company based in Wake Forest, North Carolina. In the form, defendant, a citizen of Mexico, falsely represented that he was an American citizen, as he subsequently admitted to authorities. Defendant is subject to an ICE detainer.

On 12 December 2011, a car being driven by defendant and occupied by another Hispanic male was interdicted by a North Carolina State Highway Patrol Trooper. A consensual search yielded $500,000 in cash locked in a toolbox, which in turn was locked in another toolbox. The cash was forfeited, although defendant and the passenger were not arrested.

On 5 January 2014, police used a confidential informant to conduct a controlled purchase of cocaine at a residence in Robeson County used by a suspected major drug dealer who was the principal target of the operation, Cedric Baldwin ("Baldwin"). They continued surveillance of the residence after the transaction and stopped vehicles as they left the location. One of the cars stopped was occupied by defendant and two others, one a secondary target of authorities. Defendant told authorities that he was at the location to translate for Baldwin in negotiations for the purchase of three kilograms of cocaine. He also said that for years he had served as a bulk courier of drugs and cash proceeds from drug trafficking, a statement finding corroboration in the 2011 stop of defendant. The testifying task force officer, who has 15 years of experience in drug operations, stated that a person must be very well trusted within a drug trafficking organization to serve as a courier, particularly of cash proceeds, and translator as defendant admitted he had.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the immigration-related nature of the offense charged; the prospect defendant faces of deportation after a significant prison term, if convicted; defendant's apparent significant involvement in drug-trafficking activity as a courier of large amounts of drugs and cash proceeds, and translator; the danger of continued drug-trafficking conduct and illicit employment by defendant if released; defendant's ties to Mexico, including the presence there of his father, who was deported there after his conviction for drug trafficking in the United States; defendant's false representation to the Probation Officer who interviewed him for the pretrial services report that he had not been back to Mexico after entering the United States as a child around 1992 when, in fact, he returned to Mexico in 2004 and was caught attempting to reenter unlawfully three times in December 2004; the pendency of an ICE detainer against defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his employment history and his residence in the Burlington, North Carolina area for about 10 years. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of March 2014.

James E. Gates
United States Magistrate Judge