IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-1193

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **AMENDED ORDER OF DETENTION** |
| | ) | **PENDING TRIAL** |
| JOSE GUADALUPE CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for the reopened hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The original hearing was held on 27 March 2014 (*see* D.E. 8) and resulted in an oral order at the hearing and a subsequent written order (D.E. 10) providing for defendant's detention.

On 8 April 2014, the government moved (D.E. 12) for reopening of the detention order and correction of the record. The motion was based on the government's determination after the hearing that testimony presented by a resident agent in charge with Immigration and Customs Enforcement ("ICE") that defendant had reentered Mexico three times in December 2004 was erroneous. In its initial detention order, based on this testimony, the court found as one ground for defendant's detention "[his] false representation to the Probation Officer who interviewed him for the pretrial services report that he had not been back to Mexico after entering the United States as a child around 1992 when, in fact, he returned to Mexico in 2004 and was caught attempting to reenter unlawfully three times in December 2004." (Dtn. Order 3). The government submitted an affidavit by the agent stating, in part, that "those apprehensions do not relate to [defendant], but another Jose CORTEZ with the same date of birth." (Aff. (D.E. 12-1) ¶ 5).

At the reopened hearing, defendant called as a witness the ICE agent who had previously testified. The government presented no additional evidence. The court heard argument from counsel for both parties.

Based on the affidavit submitted by the government, the court finds that its prior finding quoted above that defendant entered Mexico three times in December 2004 and falsely represented to the Probation Officer that he had not done so lacks any evidentiary support. This prior finding, the testimony at the initial detention hearing upon which it was based, and the argument at the initial detention hearing based on this testimony are therefore STRICKEN.

After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted at the initial and reopened detention hearings, subject to the striking of the aforesaid finding, testimony, and argument, the court again finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The court bases its determination on the findings and reasons stated in open court at the initial and reopened detention hearings and the initial written detention order, again subject to the striking provision herein.

In particular, the court notes that defendant continues to have an intense incentive to flee based on the prospect of an extended term of imprisonment followed by deportation, if convicted, and the possibility of prosecution for drug trafficking based on the evidence presented at the initial detention hearing. In addition, defendant could exploit his fluency in English to facilitate flight. Defendant shall therefore remain in detention pending his trial in this case on the terms set forth in the initial detention order.

SO ORDERED, this 14th day of April 2014.

_____
James E. Gates
United States Magistrate Judge